E-FILED
Tuesday, 02 May, 2023 03:03:47 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

MAY **0 2** 2023

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-CR-200___23 |
| | ) | |
| BRETT MICHAEL BARTLETT, | ) | Title 18, United States Code, |
| 7M E-GROUP CORPORATION, | ) | Sections 2, 1341, 1343, & 1957; |
| and DYNASTY TOYS, INC., | ) | Title 15, United States Code, |
| | ) | Sections 78j(b) and 78ff. |
| Defendants. | ) | |

## INDICTMENT

### COUNT ONE
### (Wire Fraud)

**THE GRAND JURY CHARGES:**

1.      From about May of 2015, and continuing to on or about August 20, 2020,

in Champaign County, in the Central District of Illinois, and elsewhere,

### BRETT MICHAEL BARTLETT,
### 7M E-GROUP CORPORATION, and
### DYNASTY TOYS, INC.,

defendants herein, knowingly devised a scheme and artifice to defraud investors and

for obtaining money and property from the investors by means of materially false and

fraudulent pretenses, representations, and promises. Namely, to induce investors to

invest with the defendants, the defendants dramatically overstated the success of the

companies and the returns that the companies generated for investors, lied about the

companies' assets, failed to disclose the companies' struggles even while continuing to

solicit investments, and used investors' funds for BARTLETT's own benefit and the benefit of others without the knowledge or authorization of the investors.

**Background**

2.      At all times material to this indictment, BARTLETT lived in California and attended sales and marketing conferences around the United States where he touted his expertise and success purchasing items and reselling them at a profit on the internet, especially through Amazon.

3.      Around 2014, BARTLETT co-founded 7M E-group Corporation. BARTLETT was the Chief Executive Officer. As part of its business model, 7M E-group purchased items at liquidation sales and resold those items, mostly online, for a profit.

4.      By at least May of 2015, BARTLETT solicited and accepted money from investors for 7M E-group. BARTLETT promised investors the money would be used to purchase liquidation items for resale and then sold online for a profit. BARTLETT promised these investors that they would receive typical annual returns of 20% to 40% on their initial investment after the inventory was sold. BARTLETT claimed his business was family-oriented and faith-based.

5.      As a result, numerous investors, including dozens of investors located in the Central District of Illinois, many of which attended the same church and whom BARTLETT referred to as the "Illinois Network," invested money with BARTLETT to purchase inventory with 7M E-group. BARTLETT informed the investors of the amount of their investments in spreadsheets he prepared that he referred to as "dashboards."

6.      In August of 2018, BARTLETT founded Dynasty Toys, Inc., and Concept Management Company, Inc., each of which were incorporated in the State of Wyoming and operated by BARTLETT in his home state of California. BARTLETT served as the Chief Executive Officer and President of each entity. Thereafter, BARTLETT sold shares of preferred stock in Dynasty Toys to the investors.

**The Scheme to Defraud**

7.      As part of the scheme to defraud, BARTLETT fraudulently used investor money for purposes other than purchasing inventory for resale, including to pay salaries and benefits to himself, his family members, and others. Additionally, BARTLETT falsely represented to investors that they owned inventory in amounts equivalent to their initial investment plus at least a 20% annual, compounded return. To avoid detection of his scheme and to induce further investments, BARTLETT intentionally failed to provide investors with underlying financial documents that established the true value of their investments.

8.      As a further part of the scheme to defraud, BARTLETT made numerous false and fraudulent claims to investors to induce them to purchase shares of Dynasty Toys. He overstated the past, current, and expected future financial success of Dynasty Toys, offered substantial bonuses and dividends for stock purchases that Dynasty Toys did not have the ability to pay, claimed Dynasty Toys would have a later initial public offering, and falsely and repeatedly claimed that the value of the shares were expected to double and go even higher.

3

9.    To induce further investments, BARTLETT falsely represented to investors that their existing shares were worth approximately $30 million in total and that one of his other companies, Concept Management Company, was going to purchase Dynasty Toys shares for $120 million. BARTLETT also falsely told investors that Dynasty Toys owned hundreds of millions of dollars of gold assets and fraudulently sold some investors worthless gold contracts.

10.    As further part of the scheme to defraud, BARTLETT repeatedly pressured investors to purchase additional shares in Dynasty Toys by falsely claiming the share price was going to dramatically increase after a certain deadline.

11.    Based on BARTLETT's numerous fraudulent pretenses, representations, and promises, approximately one thousand individuals, including over fifty investors from the Central District of Illinois, invested approximately $20 million with BARTLETT, 7M E-group, and Dynasty Toys.

12.    To attempt to avoid detection of his scheme to defraud, BARTLETT caused dozens of checks to be mailed to investors in the Central District of Illinois. The checks totaled millions of dollars but were drawn on a Dynasty Toys account at Bank of America that had less than $10,000 in it at the time that BARTLETT caused the checks to be written and mailed. As a result, none of the checks cleared and the investors did not receive any of their money back.

13.    As part of the scheme to defraud, BARTLETT transferred hundreds of thousands of dollars from business accounts he controlled to his own personal bank account between around May 15, 2020, and August 20, 2020. During that time frame,

4

2:23-cr-20023-CSB-EIL  # 1  Filed: 05/02/23  Page 5 of 12

BARTLETT also used company funds to take his family members and employees to a luxury business retreat at Big Bear Lake in California.

14.     To date, the investors with BARTLETT, 7M E-group, and Dynasty Toys have lost approximately $22.5 million as a result of BARTLETT's, 7M E-group's, and Dynasty Toys' false and fraudulent representations and promises.

**Execution of the Scheme**

15.     In or about March of 2019, in Champaign County, in the Central District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,**
**7M E-GROUP CORPORATION, and**
**DYNASTY TOYS, INC.,**

defendants herein, for the purpose of executing and attempting to execute the above-described scheme knowingly caused to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs signals, and pictures, that is, a video presentation made by BARTLETT in California and sent via an e-mail link to investors in the Central District of Illinois representing that an initial $200,000 investment with BARLETT in 7M E-Group Corporation on July 1, 2016, had now grown at a 20% annualized return to $322,901.89 and would receive a 20% bonus for converting to premium shares in Dynasty Toys, Inc., growing to $387,482.27.

In violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT TWO
### (Wire Fraud)

**THE GRAND JURY CHARGES:**

1.      The Grand Jury re-alleges and incorporates by reference Paragraph 1

through 14 of Count One of this Indictment as though fully set forth herein.

2.      In or about February of 2020, in Champaign County, in the Central

District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,
7M E-GROUP CORPORATION, and
DYNASTY TOYS, INC.,**

defendants herein, for the purpose of executing and attempting to execute the above-

described scheme knowingly caused to be transmitted in interstate commerce, by

means of a wire communication, certain writings, signs signals, and pictures, that is, a

video presentation made BARTLETT in California sent via an e-mail link to investors in

the Central District of Illinois falsely representing that (a) Dynasty Toys, Inc. currently

owned hundreds of millions of dollars of gold assets; and (b) Concept Management

Company was willing and able to buy all of Dynasty Toys, Inc.'s shares for $120

million.

In violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT THREE
### (Wire Fraud)

**THE GRAND JURY CHARGES:**

1.      The Grand Jury re-alleges and incorporates by reference Paragraph 1

through 14 of Count One of this Indictment as though fully set forth herein.

6

2.      In or about March of 2020, in Champaign County, in the Central District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,**
**7M E-GROUP CORPORATION, and**
**DYNASTY TOYS, INC.,**

defendants herein, for the purpose of executing and attempting to execute the above-described scheme knowingly caused to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs signals, and pictures, that is, a video presentation made by BARTLETT in California sent via an e-mail link to investors in the Central District of Illinois falsely representing that Dynasty Toys, Inc. was valued at $226 million.

In violation of Title 18, United States Code, Section 1343.

<u>**COUNT FOUR**</u>
**(Mail Fraud)**

**THE GRAND JURY CHARGES:**

1.      The Grand Jury re-alleges and incorporates by reference Paragraph 1 through 14 of Count One of this Indictment as though fully set forth herein.

2.      On or about May 15, 2020, in Champaign County, in the Central District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,**
**7M E-GROUP CORPORATION, and**
**DYNASTY TOYS, INC.,**

defendants herein, for the purpose of executing and attempting to execute the above-described scheme knowingly caused to be delivered by mail according to the direction

7

thereon, a package containing dozens of insufficient funds checks drawn on Bank of America, which checks were sent in the United States Mail from the defendants, addressed to Bank of Champaign, 2101 S. Neil Street, Champaign, Illinois, delivered by the United States Postal Service, and received by Bank of Champaign.

In violation of Title 18, United States Code, Sections 2 and 1341.

## COUNT FIVE
### (Securities Fraud)

**THE GRAND JURY CHARGES:**

1.    The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 14 of Count One of this Indictment as though fully set forth herein.

2.    From in or about May of 2015 through on or about June 8, 2020, in Champaign County, in the Central District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,**
**7M E-GROUP CORPORATION, and**
**DYNASTY TOYS, INC.,**

defendants herein, unlawfully, willfully, and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce and the mails, in connection with the purchase and sale of securities, namely, investments in 7M E-group Corporation and Dynasty Toys, Inc., did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary to make the statements made, in light of the circumstances under which they were made,

8

not misleading; and (c) engaging in transactions, acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

In violation of Title 15, United States Code, Sections 78j(b) and 78ff.

## COUNT SIX
### (Money Laundering)

**THE GRAND JURY CHARGES:**

1.      The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 14 of Count One of this Indictment as though fully set forth herein.

2.      On or about March 31, 2020, in Champaign County, in the Central District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,**
**7M E-GROUP CORPORATION, and**
**DYNASTY TOYS, INC.,**

defendants herein, knowingly engaged in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, a wire transfer of $230,000 from a Dynasty Toys, Inc. account at Bank of America in California to a Robbins International, LLC account at JP Morgan Chase in Tennessee, such property having been derived from a specific unlawful activity in the Central District of Illinois, that is, wire fraud, mail fraud, and securities fraud, as set forth in Counts One through Five of this Indictment, and the defendants participated in the transfer of the proceeds of the specified unlawful activity from the Central District of Illinois to the district where the monetary transaction was conducted.

In violation of Title 18, United States Code, Sections 2, 1957, and 1956(i).

## FORFEITURE ALLEGATIONS

**THE GRAND JURY CHARGES:**

1.      The Grand Jury re-alleges and incorporates by reference the allegations of Counts One through Six of this Indictment as though fully set forth herein, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C).

2.      From about May of 2015, and continuing to on or about August 20, 2020, in Champaign County, in the Central District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,**
**7M E-GROUP CORPORATION, and**
**DYNASTY TOYS, INC.,**

defendants herein, did engage in violations of Title 18, United States Code, Sections 1341 and 1343, and Title 15, United States Code, Sections 78j(b) and 78ff, thereby subjecting to forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses.

3.      On or about March 31, 2020, in Champaign County, in the Central District of Illinois, and elsewhere,

**BRETT MICHAEL BARTLETT,**
**7M E-GROUP CORPORATION, and**
**DYNASTY TOYS, INC.,**

defendants herein, did engage in a violation of Title 18, United States Code, Section 1957, thereby subjecting to forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), as incorporated by Title 28, United States Code, Section 2461(c), all property, real or personal, involved in a transaction or attempted transaction in violation of Section 1957, or any property traceable to such property.

4.      Pursuant to Rule 32.2(b) and (c) of the Rules of Criminal Procedure, and Title 31, United States Code, Section 5317, the United States seeks a money judgment jointly and severally against BRETT MICHAEL BARTLETT, 7M E-GROUP CORPORATION, a Corporation, and DYNASTY TOYS, INC., a Corporation, in the sum of money equal to at least $22,502,092.66 in United States Currency, representing the amount of the property involved in or traceable to the property involved in the offenses described in Counts One through Six of this Indictment.

5.      Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and by Title 28, United States Code, Section 2461(c), if any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants, either

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property that cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

s/Foreperson

FOREPERSON

s/Douglas Quivey

GREGORY K. HARRIS
United States Attorney

ELM